[No. 35210.    Department One.    March 17, 1960.]

MIKE COLAGROSSI *et al., Appellants,* v. DALE R. PETERSON *et al., Respondents.*[1]

[1] Reported in 350 P. (2d) 460.

*Moschetto & Alfieri,* for appellants.

*Cartano, Botzer & Chapman (John W. Chapman,* of counsel), *Croson, Johnson & Wheelon (Willard Hatch,* of counsel), and *Nickell, Fitch, Stinnette & McAteer (George T. Nickell* and *William S. Stinnette,* of counsel), for respondents.

MALLERY, J.—Dale R. Peterson and Company, Inc., hereinafter referred to as the corporation, had procured a contract to construct a feline house at the Woodland Park Zoo in Seattle. It needed additional funds to be able to execute the contract. Accordingly, it borrowed eighteen thousand dollars from the plaintiffs herein and pledged eighteen hundred shares of corporation stock as security for the repayment of the money, which was to be accomplished not later than December 31, 1950.

The contract, among other things, recited the sale of the corporate stock to the plaintiffs coupled with an obligation to repurchase it on the part of the corporation and the individual stockholders, who by their execution of the contract made themselves jointly and severally liable for all of the covenants of the contract.

When the feline house was completed, the parties to the contract agreed to extend all of its terms until the completion of another project then under way.

The contract was fully executed on both sides on August 28, 1951, when the corporation repurchased the stock in accordance with the terms of the contract.

On June 18, 1952, the corporation was adjudged a bankrupt. The trustee in bankruptcy thereupon commenced an

action to rescind the executed repurchase of the stock and invoked the provisions of RCW 23.01.120. The trial court held for the trustee and was affirmed upon appeal to this court on July 11, 1957, in the case of *Jackson v. Colagrossi,* 50 Wn. (2d) 572, 313 P. (2d) 697.

The following January the plaintiffs tendered the eighteen hundred shares of stock, which they had been compelled to take back, to the defendants in their individual capacities and demanded the repurchase of them according to the terms of the contract. Upon the defendants' failure to do so, this suit was brought alleging, in two causes of action, the joint and several liability of the corporation and individual parties to the contract. In the first cause of action, the plaintiffs prayed for judgment for the repurchase price of the stock. In the second cause of action, the plaintiffs alleged that the defendants in their individual capacities had, by the terms of the contract, jointly and severally agreed to indemnify the plaintiffs from any loss incurred by the failure of the corporation to repurchase the eighteen hundred shares of stock in accordance with the contract.

The defendants interposed a demurrer, which the trial court sustained. The plaintiffs have appealed from the judgment of dismissal.

The trial court sustained the demurrer to the first cause of action upon the ground that the statute of limitations had begun to run on December 31, 1950, upon the contract to repurchase the shares of stock, and had expired on December 31, 1956, nearly fifteen months before this action was commenced on April 14, 1958.

■■ We hold that the running of the statute of limitations does not appear from the face of the complaint. It is alleged that the terms of the contract were extended by agreement of all the parties to include a second project, and, upon its completion and without any delinquency in performance, the corporation repurchased the stock and the contract was thereupon fully executed on both sides on August 28, 1951. The complaint alleges that the obligation to repurchase the stock was joint and several. The

discharge of the contract by the corporation therefore brought the contract to an end with no further rights then existing in anyone, including the appellants. It was not until the judgment of this court affirmed the trial court's action in the subsequent trustee's suit to rescind the repurchase of the stock by the corporation that the appellants had a cause of action against the individual respondents herein under their joint and several liabilities. Then, for the first time, the appellants had a right to commence an action on the contract against the respondents. The rule, as stated in *Washington Security Co. v. State,* 9 Wn. (2d) 197, 114 P. (2d) 965, is:

"A cause of action or suit arises, according to the universal rule in courts of both law and equity, when and as soon as the party has a right to apply to the proper tribunal for relief . . ."

The statute of limitations did not start to run until July 11, 1957.

A demurrer to the second cause of action for indemnity was sustained by the trial court upon the ground that the appellants had failed to allege any damages which would invoke the indemnity terms of the contract. We do not agree.

In paragraph No. 3 of the second cause of action, it is alleged, *inter alia:*

". . . that the indemnity agreement by its terms included the repurchase of stock by the said corporation and/or the defendants, and any loss incurred in any repurchase made, or any loss incurred in the failure to repurchase the 1,800 shares of stock of the said corporation, by the corporation and/or the defendants."

In paragraph No. 4 it is further alleged that by reason of their failure to indemnify the appellants for failure to repurchase the shares of stock, the appellants suffered a loss of $22,527.65.

The judgment is reversed.

WEAVER, C. J., DONWORTH, OTT, and HUNTER, JJ., concur.

---

June 24, 1960. Petition for rehearing denied.